UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID T. DEVLIN, *Pro Se*, | ) | Case No.: 1: 22 CV 506 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF JOBS AND | ) | |
| FAMILY SERVICES, *et al.*, | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff David T. Devlin has filed a fee-paid "Complaint and Request for Permanent

Injunction" in this case against the State of Ohio and multiple "Municipal Territory Jurisdiction

Employees," including the Ohio Department of Jobs and Family Services. (Doc. No. 1.) The

Complaint is incomprehensible. It sets neither cogent, discernible factual allegations of misconduct,

nor cogent, discernible civil legal claims. Instead, it consists entirely of incomprehensible legal

assertions and nonsensical claims, unconnected to discernible facts allegations of misconduct by any

Defendant.[1] The relief Plaintiff seeks is also unclear. On April 13, 2022, Plaintiff filed a Motion

---

[1]For example, Plaintiff states, in part, as follows regarding the facts underlying his claim:

A private American citizen was kidnapped by corporate color of law persons
masquerading as judicial law enforcement for purposes of revenue generation
unlawfully removed from the inland possession of the continental United States
Insular Possession of Ohio Foreign Trade Zone (40) by false imprisonment and
trafficked into the municipal territory by armed privateers using the false and
fraudulent claims concealing the true nationality of the American vessel by

for a Permanent Injunction (Doc. No. 2), which is also incomprehensible.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits.  *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).  District courts, moreover, are courts of limited jurisdiction, and a district court may *sua sponte* dismiss any complaint for lack of subject matter jurisdiction when the court determines that the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  *Sua sponte* dismissal of a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480.

The Court finds that Plaintiff's Complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*.  The incomprehensible statements and assertions set forth in his pleadings are so incoherent, frivolous, implausible, and devoid of merit that they fail to provide a basis to establish this Court's subject-matter jurisdiction over any federal claim against any Defendant in the case and lack the legal plausibility necessary to invoke federal subject-matter jurisdiction.

Accordingly, this action is hereby dismissed for lack of subject-matter jurisdiction pursuant

_____

misrepresenting and misidentifying a private native American living man under false and fraudulent color of law revenue warrants . . . .  (Doc. No. 1 at ¶ III(C).)

2

to the Court's authority established in *Apple v. Glenn*, and Plaintiff's Motion for Permanent Injunction is denied.  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT JUDGE

May 31, 2022